# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

KENNETH W. WATFORD,       *

Plaintiff       *

v.       *       Civil Action No. PJM-19-685

UNITED STATES OF AMERICA,       *
UNITED STATES PROBATION OFFICER,
NICHOLE R. BLANCHE,       *
TRACY L. REID,
      *
Defendants
      ***

## MEMORANDUM OPINION

Self-represented Plaintiff Kenneth W. Watford, an inmate currently confined at the Federal Correctional Complex in Terre Haute, Indiana filed the above-captioned complaint. ECF No. 1. Ross seeks to file a criminal complaint against Nichole R. Blanche and Tracy L. Reid, employees of the Untied States Probation Office, for allegedly submitting false statements during the course of his criminal proceedings. *Id*.

The Complaint is not accompanied by a Motion for Leave to Proceed in Forma Pauperis or the full filing fee. In light of Watford's incarcerated status, he shall be granted leave to proceed in forma pauperis.

This Court is obliged by 28 U.S.C. § 1915A to screen prisoner complaints and dismiss any complaint that is "frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards

than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

Plaintiff's entire Complaint is centered on his desire to prosecute employees of the United States Probation Office. He has no legally protected interest in the prosecution of others. The Supreme Court said in *Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973): "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See also Banks v. Buchanan*, 336 Fed. App'x 122, 123 (3rd Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp.2d 17, 20 (D.D.C. 2012) *aff'd*, Civ. No. 12-5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012); *Speight v. Meehan*, 2008 WL 5188784, 3 (E.D. Pa. Dec. 9, 2008). Thus, Watford's complaint must be dismissed for failure to state a claim upon which relief may be granted. A separate order dismissing the complaint follows.

September 18, 2019

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE